602 F.Supp. 124 (1984)
Frances KATHRINER, Plaintiff,
v.
CITY OF OVERLAND, MISSOURI, et al., Defendants.
No. 82-1579-C (4).
United States District Court, E.D. Missouri, E.D.
September 4, 1984.
*125 Alan E. DeWoskin, St. Louis, Mo., for plaintiff.
Norman A. Selner, Selner, Glaser, & Komen, St. Louis, Mo., for defendants.

ORDER
CAHILL, District Judge.
This matter is before the Court on defendants' motion for a new trial and stay of execution.
The central issue in this 42 U.S.C. § 1983 action was the constitutionality of plaintiff Frances Kathriner's being strip searched pursuant to the policy of the City of Overland. Defendants Poeschel, Nelson, and Myers were before the Court because of their part in implementing this policy. The policy complained of, strip searching all detainees without regard to probable cause for such a search, was in effect on March 10, 1980, when Kathriner's cause of action arose.
The City of Overland's policy of strip searching all persons to be detained in a cell, regardless of how short the detention period and regardless of whether probable cause existed to believe that person may possess contraband or weapons, violated the Fourth and Fourteenth Amendments to the United States Constitution. While the City of Overland may detain any person charged with any crime or ordinance violation, it may not strip search those persons charged only with misdemeanors or ordinance violations unless there is reasonable cause to believe that such detainees possess weapons or contraband. Tinetti v. Wittke, 479 F.Supp. 486 (E.D.Wis.1979), aff'd, 620 F.2d 160 (7th Cir.1980); Mary Beth G. v. City of Chicago, 723 F.2d 1263 (7th Cir.1983).
Because strip searches are a particularly demeaning invasion of privacy they must only be used when less intrusive means of discovering weapons or contraband cannot be used and the particular circumstances warrant such a search. In the case at bar the evidence shows, and the defendants admit, that no one believed Frances Kathriner to possess contraband or weapons. Neither did the particular circumstance of her arrest and detention warrant such an intrusive search. Furthermore, the Court found that Kathriner's strip search was distinguishable from the strip search of federal pretrial detainees after contact visits, held constitutional in Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Accordingly, because the City of Overland cannot assert the defense of good faith immunity, Owen v. City of Independence, Mo., 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), plaintiff's motion for a directed verdict against the City of Overland was granted.
Qualified or good faith immunity generally shields public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The law, however, was not clearly established at the time of plaintiff's strip search. At the time of plaintiff's arrest and strip search on March 10, 1980, the most recent applicable pronouncement of law was that of the United States Supreme Court in Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In Bell the Supreme Court held that visual body cavity strip searches at a detention facility could be conducted on less than probable cause despite the significant *126 privacy interests of the inmates. 441 U.S. at 560, 99 S.Ct. at 1885. At first glance this holding appears consistent with the defendants' policy of strip searching all persons to be detained in a cell and would not have put the City on notice that their policy was unconstitutional. Insofar as defendants Poeschel and Myers' conduct did not violate clearly established rights and the plaintiff had neither alleged nor submitted evidence that they had a malicious intent to deprive her of her rights, they were shielded from liability by good faith immunity. Accordingly, defendants Poeschel's and Myers' motion for a directed verdict was granted.
On the other hand, plaintiff alleged, and arguably the evidence supported, that defendant Nelson intended to punish her. The Court, for purposes of this motion, interpreted this allegation as a charge that Nelson intended to deprive plaintiff of her rights or otherwise injure her. The question of defendant Nelson's subjective intent was left for the jury, which decided in his favor.
The Court has reviewed the defendants' arguments in support of a new trial and denies them on their merits. The Court does not find, as suggested by the plaintiff, that this motion is untimely. The motion was mailed to the plaintiff on the tenth day after judgment. "Service by mail is complete upon mailing." Fed.R. Civ.P. 5. Accordingly,
IT IS HEREBY ORDERED that defendants' motion for a new trial is DENIED.
IT IS FURTHER ORDERED that defendants' motion to stay execution of the judgment pending consideration of the motion for a new trial is DENIED as MOOT.
SO ORDERED.