Jane DOE, et al., Plaintiffs,

v.

Henry BERBERICH, et al., Defendants.

Civ. A. No. 88–0741.

United States District Court,
District of Columbia.

Dec. 9, 1988.

Michael S. Lieberman, Alexandria, Va., for plaintiffs.

Mark Nagle, U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

REVERCOMB, District Judge.

This case is before the Court on the defendants' motion to dismiss, or in the alternative, for summary judgment.

The plaintiffs, two females proceeding under pseudonyms, seek compensatory and punitive damages for violation of their constitutional rights, as well as under various theories of negligence, in connection with a strip search to which they were subjected subsequent to their arrest for possession of marijuana. The defendants are five members of the United States Park Police, sued in their official and individual capacities. The arrest occurred after two Park Police officers observed the plaintiffs to be smoking marijuana in a car parked on federal park land. A search of the car in which the plaintiffs were sitting disclosed an additional quantity of marijuana.

After placing the plaintiffs under arrest, the two officers, both sergeants in the Park Police, called by radio for a vehicle to transport the plaintiffs to the Park Police Central District Substation for processing. A female officer responded and conducted a preliminary "pat-down" search of the plaintiffs before transporting them.

Upon their arrival at the substation, the plaintiffs were moved to holding cells. The arresting officers' declarations say that it was at that time that the two sergeants decided that the plaintiffs should be strip searched. In their declarations, the sergeants say that this decision was made on the basis of evidence discovered in the car, the fact that plaintiff Roe was found holding a burning marijuana cigarette, the fact that plaintiff Doe bent over out of sight when the sergeants identified themselves as police officers, (a fact which is disputed by the plaintiffs, although it is not a material fact such as to alter the outcome of this case), and on the basis of their experience in drug-related investigations.

The sergeants directed the female officer who had already performed the preliminary "pat-down" search of the plaintiffs to conduct a strip search.[1] The sergeants state in their declarations that they made this decision because they had reason to suspect that contraband or evidence was concealed on the person or in the clothing of the plaintiffs.

No additional evidence was obtained from the search. The evidence discovered on the scene by the arresting officers was tested, with positive results. Processing completed, the plaintiffs were issued citations to appear before a magistrate. They did so, and were convicted as charged based on their pleas of guilty.

Strip search procedure in the Park Police is governed by Park Police General Order Number 2103.05. Both of the arresting officers were personally familiar with the order. In pertinent part, the Order establishes the following criteria for strip searches:

a. The officer has reason to believe that weapons, contraband, or evidence are concealed on the arrestee's person or clothing.

b. Notification is made to the immediate supervisor.

c. The search will be conducted by an officer of the same sex as the arrestee, under secure conditions that afford privacy. Another officer shall be stationed outside the search area.

■ There are additional criteria governing "body cavity" searches, which the Court need not consider.[2]

---

1. The plaintiffs argue that the officers violated their own regulations by failing to seek approval from a superior officer. This strikes the Court as a quibble, since the search was performed by an officer pursuant to orders from a sergeant. The regulation does not state that searches must be ordered by personnel above the rank of sergeant. It states that notification must be made to an immediate supervisor. The Court finds that it is a reasonable interpretation of this requirement that the search be authorized by someone of superior rank to the officer actually conducting the search. *See* Park Police General Order Number 2103.05, *infra.*

2. The plaintiffs argue that they were subjected to a "visual" body cavity search, since they were requested to "squat" or bend over by the officer in charge of the search, once they had removed their clothing. Neither plaintiff was touched at any time during the search. The Court finds that this was not a body cavity search. Further-

■ The plaintiffs have sued the defendants in their official and in their individual capacities. The claims against the defendants in their official capacities are actually claims against the United States, which may be asserted only if expressly permitted by acts of Congress. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed. 2d 114 (1976). These claims would, if successful, involve relief that would effect the United States. *See Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). The doctrine of sovereign immunity requires the Court to dismiss such claims unless the plaintiffs can demonstrate that immunity has been waived. The fact that plaintiffs have failed to file an administrative claim means that the Federal Tort Claims Act, 28 U.S.C. § 2675(a), does not provide such a waiver. Under the Federal Tort Claims Act, the filing of an administrative claim is a jurisdictional prerequisite to suit, and as such cannot be waived. *House v. Mine Safety Appliances Co.*, 573 F.2d 609 (9th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978). Since the plaintiffs have failed to file administrative claims, the Court lacks subject matter jurisdiction over their claims against Federal officials sued in their official capacities. Therefore, the claims against the defendants in their official capacities must be dismissed.

■ As to the claims against the defendants in their individual capacities, the government contends that the complaint fails to meet the standard of pleading applicable to cases arising under *Bivens v. Six Unknown Named Agents of the Bureau of Narcotics & Dangerous Drugs*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Court finds that the complaint clearly alleges specific constitutional violations against defendants Berberich, Preston and Stefansson. The remaining defendants, who occupy positions of authority over the three officers are clearly alleged to have supervised and trained the officers improperly, to have ignored the language of the Park Police Policy, and to have allowed searches to go forward without proper procedure. The complaint clearly alleges a violation of the established right against unwarranted strip searches, and therefore meets the heightened pleadings standard of *Bivens* actions which requires plaintiffs to "specify the 'clearly established' rights they allege to have been violated with … precision." *Martin v. Malhoyt*, 830 F.2d 237, 253 (D.C.Cir.1987), *reh. denied*, 833 F.2d 1049 (D.C.Cir.1987). The Court finds that the complaint states a *Bivens* claim with sufficient particularity.

■ On the merits of the *Bivens* claim, however, the plaintiffs have relied in large part on the fact that the offense for which they were arrested is a misdemeanor upon which they were released on their own recognizance and issued a citation to appear before a magistrate. The substance of the claim is that the search was conducted without reasonable cause, and that the defendants acted maliciously in conducting it. While the plaintiffs have stated the standard for strip searches correctly, *i.e.*, reasonable cause rather than probable cause, *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1978), the Court finds that defendants had reasonable cause to search the plaintiffs.

Strip searches are violative of the Fourth Amendment if they are overbroad, for example when applied to *all* arrestees, *Stewart v. Lubbock County, Texas*, 767 F.2d 153 (5th Cir.1985), or if only females are subjected to strip search, when similarly situated males are not searched, *Mary Beth G. v. City of Chicago*, 723 F.2d 1263 (7th Cir.1983), or if all arrestees, even those charged with minor traffic offenses, are routinely searched, *Giles v. Ackerman*, 746 F.2d 614 (9th Cir.1984), *cert. denied*, 471 U.S. 1053, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985). There must be a reasonable suspicion that the category of offenders subject to strip searches might possess weapons or contraband. *Stewart v. Lubbock County*,

more, "visual" body cavity searches were approved on a reasonable suspicion basis in *Bell v. Wolfish*, 441 U.S. 520, 560, 99 S.Ct. 1861, 1885, 60 L.Ed.2d 447 (1978). Therefore, the Park Po-

lice was under no constitutional obligation to apply the more stringent standards of its body cavity search regulation to a "visual" body cavity search.

767 F.2d at 156. Park Police General Order 2103.05, as quoted above, does include a reasonable suspicion requirement.

In this case, despite the fact that the offense charged was a misdemeanor, the nature of the offense involved the possession of a controlled substance. The charge by definition involves contraband. Although the offense was a misdemeanor, if there is reasonable cause to believe that misdemeanor detainees possess contraband, strip searches are within the bounds of the Fourth Amendment. *Kathriner v. City of Overland, Mo.*, 602 F.Supp. 124 (E.D.Mo.1984). Moreover, even "visual" body cavity searches of federal pretrial detainees can be conducted on less than probable cause so long as the search is conducted in a reasonable manner. *Bell v. Wolfish*, 441 U.S. at 560, 99 S.Ct. at 1885. The Court finds that the search was conducted upon reasonable suspicion and was performed in a reasonable manner in accordance with both the law and the Park Police's own regulations, and did not constitute a violation of the Fourth Amendment.

■ The plaintiffs have also advanced common law claims of intentional infliction of emotional distress and negligent supervision. The claims are based on the allegation that the defendants acted in "an extreme and outrageous manner with reckless disregard to Plaintiffs' welfare...." The Court finds that the search was conducted reasonably and in accordance with the applicable Park Police regulations, which closely mirror the state of the law in this area. The plaintiffs have failed to allege facts which could, if proven, lead to the conclusion that the defendants' actions met the legal standard for a claim of intentional infliction of emotional distress, *i.e.*, conduct which was wanton, outrageous in the extreme, or especially calculated to cause serious mental distress. *See Dow-*

*ney v. Firestone Tire & Rubber Co.*, 630 F.Supp. 676, 681 (D.D.C.1986). Furthermore, the plaintiffs have failed to allege the element of physical harm necessary to support a claim for intentional infliction of emotional distress. *Green v. American Broadcasting Companies*, 647 F.Supp. 1359 (D.D.C.1986). The claim of negligent supervision must fail for two reasons: the search itself was conducted in a reasonable manner, and the plaintiffs have failed to allege any facts which, if proven, would support an argument that supervisory personnel at the Park Police have failed to require adherence to a constitutionally sound standard.[3]

Therefore, it is ORDERED that the claims against the defendants in their official capacities are DISMISSED.

It is FURTHER ORDERED that the defendants' motion for summary judgment is GRANTED as to the claims against the defendants in their individual capacities.

---

**3.** The Court notes that even if the plaintiffs had alleged successfully a search conducted in violation of their Fourth Amendment rights, the doctrine of qualified immunity would have protected the defendants from individual liability. The case law of strip searches does not show that their conduct was such as to "violate *clearly established statutory or constitutional rights of* which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The doctrine of qualified immunity protects from suit "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986).