Kevin SMITH, Plaintiff–Appellant,

v.

CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.

No. 00–4452.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge.*

### ORDER

Kevin Smith, a District of Columbia prisoner, moves for the appointment of counsel and appeals a district court order dismissing his breach of contract action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Smith filed this complaint against defendant, which operates a prison in northeastern Ohio pursuant to a contract with the District of Columbia, where Smith is incarcerated. Smith alleged that he was a third

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

party beneficiary of the contract, which defendant had breached by: 1) failing to provide sufficient employment opportunities for prisoners; 2) having unsatisfactory disciplinary and grievance systems; 3) failing to provide free access to the courts; 4) failing to supply free college courses; 5) having inadequate recreation facilities; 6) having inadequate sanitation; and 7) failing to provide free video visitation. Smith also amended the complaint to seek declaratory relief and class certification.

Smith next filed a motion for summary judgment, in which he reiterated all of his claims except that regarding educational programs, and attempted to raise a new claim of retaliatory loss of his prison job. The parties agreed to submit the matter to a magistrate judge for disposition. Defendant filed a motion to dismiss for lack of subject matter jurisdiction. Smith filed a response in which he argued that he was also raising claims of constitutional violations pursuant to 42 U.S.C. § 1983.

The magistrate judge dismissed the complaint on a number of grounds. First, he found that the claims regarding lack of employment opportunities and inadequate sanitation had not been exhausted in the prison grievance system, requiring their dismissal under 42 U.S.C. § 1997e(a). Furthermore, defendant's argument of lack of jurisdiction was found meritorious, as the complaint satisfied neither the federal question or amount in controversy requirements to sustain jurisdiction under 28 U.S.C. §§ 1331–32. Finally, the magistrate judge concluded that Smith had failed to state any claim of a constitutional violation.

On appeal, Smith argues that the magistrate judge erred in dismissing his claims for lack of jurisdiction, that he had a liberty interest under the contract between defendant and the District of Columbia regarding his claims of access to the courts,

the disciplinary and grievance systems, and the video visitation program, and that his motion for counsel in the district court should not have been denied.

Initially we note that, although Smith has not raised this issue on appeal, it is clear that the district court properly dismissed his claims of lack of employment opportunities and inadequate sanitation for failure to exhaust the prison grievance procedures as required under 42 U.S.C. § 1997e(a). *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001).

 Smith's breach of contract claim was properly dismissed for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). This court reviews dismissals for lack of jurisdiction de novo. *Greater Detroit Resource Recovery Auth. v. United States EPA,* 916 F.2d 317, 319 (6th Cir.1990). When a motion to dismiss for lack of jurisdiction is filed, the opposing party is required to demonstrate the existence of jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). In this case, to the extent Smith had any third party beneficiary interest at stake, he relied on a contract rather than the Constitution or any federal law, and therefore no federal question was presented under 28 U.S.C. § 1331. Nor did he meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332.

 To the extent that Smith's complaint could be liberally construed as alleging constitutional violations under 42 U.S.C. § 1983, it was subject to dismissal for failure to state a claim. Smith maintains that he was denied his "rights" under the contract without due process. Because he did not demonstrate that he had been subjected to any atypical or significant hardship, he failed to state a due process

claim. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The underlying claims also failed on their merits, as Smith did not demonstrate prejudice to any court proceeding to state a claim of denial of access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), and he had no constitutional right to visitation, *see Bellamy v. Bradley*, 729 F.2d 416, 420 (6th Cir.1984), or to disciplinary or grievance systems that met his standards. Finally, Smith has abandoned his claims of lack of recreation and education.

Smith's argument that the district court should have appointed counsel lacks merit. The district court did not abuse its discretion in denying his motion, as no exceptional circumstances were present, Smith was capable of presenting his claims, and the claims themselves were meritless. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir.1993).

For all of the above reasons, the motion for counsel is denied and the order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.