**Shauna HELTON, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. Civ.A.01–0385(JDB).**

United States District Court, District of Columbia.

March 21, 2002.

Sean R. Day, College Park, MD, for plaintiffs.

Kenneth Wainstein, Meredith Manning, Mark Nagle, United States Attorney's Office, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BATES, District Judge.

Plaintiffs in this action brought against the United States ("defendant") exclusively under the Federal Tort Claims Act ("FTCA") are five women who were arrested for unlawful entry in connection with an "anti-fur" demonstration at the Neiman Marcus store at Mazza Gallerie Mall. Complaint ¶ 5. They allege that they were placed in United States Marshals Service custody, and that prior to arraignment they were compelled "to remove clothing and submit to a strip and squat search." *Id.* ¶ 6, ¶ 8. They further allege that six men arrested with them were not subjected to such searches, and that the Marshals Service routinely subjects women, but not men, to pre-arraignment strip and squat searches. *Id.* ¶ 9, ¶ 10. Plaintiffs seek compensatory damages of $ 1 million each for injuries suffered as a result of these "unlawful searches and invasions of privacy." *Id.* ¶ 11.

Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant contends, first, that plaintiffs cannot bring a constitutionally based tort claim against the United States under the FTCA, and second, that plaintiffs have failed to state a claim for invasion of privacy under District of Columbia law.

### I. *Constitutional Claims*

■ In their Opposition, plaintiffs do not even respond to defendant's position that constitutional claims cannot be brought against the United States under the FTCA, and thus plaintiffs effectively concede the point. That is for good rea-son, inasmuch as the law is clear that the FTCA does not waive the sovereign immunity of the United States for constitutional claims. *See FDIC v. Meyer,* 510 U.S. 471, 477–78, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Clemente v. United States,* 766 F.2d 1358, 1363 (9th Cir.1985), *cert. denied,* 474 U.S. 1101, 106 S.Ct. 881, 88 L.Ed.2d 917 (1986): *Laswell v. Brown,* 683 F.2d 261, 267–68 (8th Cir.1982), *cert. denied,* 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983); *Birnbaum v. United States,* 588 F.2d 319, 327–28 (2d Cir.1978). Plaintiffs' basic unlawful search claim derives from familiar search and seizure principles under the Fourth Amendment to the Constitution, and the contention that plaintiffs were subjected to strip and squat searches, while male detainees were not, raises an equal protection argument grounded in the Fifth Amendment. Plaintiffs' claim that they were subjected to "unlawful searches," which thus appears to be based on Fourth and Fifth Amendment principles, is therefore dismissed.[1]

Plaintiffs' attempt to establish some vague independent tort of "unlawful search" that can survive dismissal is unavailing. They concede that no such tort is recognized in the District of Columbia, *see* Opposition at 4, and offer no basis upon which this Court should recognize one in the first instance. Indeed, except to the extent that such a common law tort might be based on constitutional principles—and thus not be within the scope of the FTCA—it is not clear that it would differ in any material respect from the invasion of privacy tort plaintiffs already pursue in this action. The Court therefore declines

---

1. In their complaint, plaintiffs sue only under the FTCA; they have not asserted claims in this action for constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or any other theory. Plaintiffs' equal protection challenge against the Marshals Service—that only women were strip searched—is purely a constitutional challenge that does not come within plaintiffs' common law invasion of privacy claim and hence cannot be raised in this action under the FTCA at all.

plaintiffs' invitation to create a new tort for "unlawful search" not heretofore recognized in the District of Columbia.

## II. *Invasion of Privacy Claim*

The resolution of defendant's motion to dismiss the invasion of privacy claim under the FTCA is not so simple. Initially, defendant misstated plaintiffs' invasion of privacy claim as one for "publicity that places one in a false light," claiming that plaintiffs had not satisfied the basic elements of that tort under District of Columbia law. Defendant's Memorandum at 5. Plaintiffs, however, counter that they actually raise claims of invasion of privacy for "intrusion upon their solitude and seclusion," which is distinct from a "false light" tort. Plaintiffs' Opposition at 2. As the District of Columbia Court of Appeals has stated, "[i]nvasion of privacy is not one tort, but a complex of four, each with distinct elements and each describing a separate interest capable of being invaded." *Wolf v. Regardie*, 553 A.2d 1213, 1216–17 (D.C.1989). The threshold question, then, is whether plaintiffs have stated a claim satisfying the basic elements of the "intrusion upon seclusion" prong of the invasion of privacy tort.

In *Wolf*, the District of Columbia Court of Appeals adopted Section 652B of the Restatement (Second) of Torts (1977) and its characterization of a tort for "intrusion upon seclusion":

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

553 A.2d at 1217. The court then explained the tort in more detail:

> The tort of intrusion upon seclusion has three elements: (1) an invasion or interference by physical intrusion, by use of a defendant's sense of sight or hearing, or by use of some other form of investigation or examination; (2) into a place where the plaintiff has secluded himself, or into his private or secret concerns; (3) that would be highly offensive to an ordinary, reasonable person.

*Id.* (citations omitted). The court observed that "[u]nlike some other types of invasion of privacy, intrusion does not require as an essential element the publication of the information obtained." *Id.* (citations omitted). "In fact," the court added, "the acquisition of information is not a requisite element of a § 652B cause of action. Rather, it is the nature of the intrusion which initially fixes liability." *Id.* (citation and footnote omitted).

The court in *Wolf* suggested some of the circumstances in which the tort of intrusion upon seclusion could arise, including harassment, peeping through windows, eavesdropping on private conversations, entering a person's home without permission, or secretly searching a person's belongings. *Id.* at 1217–18 (citations omitted). District of Columbia case law has not defined the precise parameters of the tort. However, although the District of Columbia courts have yet to address whether an "unlawful" strip search would satisfy the elements of an intrusion upon seclusion tort, other courts have recognized similar physical or visual intrusions upon a person's body as rising to the level of possible intrusions upon seclusion. *See, e.g., Borse v. Piece Goods Shop, Inc.* 963 F.2d 611, 621 (3rd Cir.1992) ("[m]onitoring collection of urine samples appears to fall within the definition of an intrusion upon seclusion because it involves the use of one's senses to oversee the private activities of another"); *Hidey v. Ohio State Highway Patrol,* 116 Ohio App.3d 744, 689 N.E.2d 89, 92–93 (1996) (forcing plaintiff at traffic stop to pull pants out to observe buttocks and to unbutton blouse to expose

breast in search for drugs);[2] *Stockett v. Tolin,* 791 F.Supp. 1536 (S.D.Fla.1992) (grabbing breasts and running fingers up shirt constituted intrusion of plaintiff's physical solitude under Florida law); *Lake v. Wal–Mart Stores, Inc.,* 582 N.W.2d 231 (Minn.1998) (photograph exposing plaintiffs' naked body to others constituted tort of intrusion upon seclusion); *Sanchez–Scott v. Alza Pharmaceuticals,* 86 Cal. App.4th 365, 103 Cal.Rptr.2d 410 (2001) (presence of drug salesman in examining room while woman undressed for physical examination amounted to an intrusion upon seclusion).

■ The Court concludes that under District of Columbia law plaintiffs have stated a claim for intrusion upon seclusion based on their allegations of a strip and squat search ordered by the Marshals Service. Particularly in light of Section 652B of the Restatement, specifically relied upon by the court in *Wolf,* this Court concludes that the District of Columbia courts would find that the alleged strip search of plaintiffs satisfies the elements of the tort of an intrusion upon seclusion. Reading the complaint in the light most favorable to the plaintiffs, they could establish the three elements for a claim of intrusion upon seclusion under District of Columbia law.

First, plaintiffs could show that the alleged strip and squat search conducted by the Marshals Service invaded or interfered with—visually and perhaps physically—their "interest" in remaining clothed and shielding their naked bodies from others. Second, it is apparent that plaintiffs have secluded their naked bodies within their clothes. In the language of Comment c to Section 652B, one throws clothes "about his person" to cover his body from others; thus, plaintiffs secluded their bodies behind their clothes from the view of others, and the Marshals Service allegedly intruded into that "place" and those private concerns. Finally, it is clear that a strip search can be humiliating and degrading. Being forced—allegedly without legal justification—to strip and squat in view of law enforcement officials to determine if one has any concealed contraband would be highly offensive to a reasonable person. As the Seventh Circuit noted in *Mary Beth G. v. City of Chicago,* 723 F.2d 1263 (7th Cir.1983), one of the first federal appellate cases to consider the constitutionality of a strip search of a person arrested for a misdemeanor, visual strip searches are "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission." 723 F.2d at 1272 (citing *Tinetti v. Wittke,* 620 F.2d 160 (7th Cir. 1980)) ("In short, we can think of few exercises of authority by the state that intrude on the citizen's privacy and dignity as severely as the visual anal and genital searches practiced here."). Accordingly, the Court concludes that the District of Columbia would recognize an intrusion upon seclusion tort based on the actions of

**2.** The court in *Hidey* (689 N.E.2d at 92–93) relied on Comment c to Section 652B of the Restatement, which states that:

The defendant is subject to liability under the rule stated in [§ 652B] only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs. Thus there is no liability for the examination of a public record concerning the plaintiff, or of documents that the plaintiff is required to keep and make available for public inspection. Nor is there liability for observing him or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye. *Even in a public place, however, there may be some matters about the plaintiff, such as his underwear or lack of it, that are not exhibited to the public gaze; and there may still be invasion of privacy when there is intrusion upon these matters.* [emphasis added]

the Marshals Service as alleged here, and that plaintiffs could establish the elements of that tort.[3]

Even if plaintiffs can establish the elements of intrusion upon seclusion, defendant counters that District of Columbia law limits the availability of invasion of privacy to the bounds recognized by the United States Constitution. *See* Defendant's Reply at 2. Defendant reads *Jackson v. District of Columbia*, 412 A.2d 948 (D.C.1980), as holding that in order to prove a claim for invasion of privacy, the invasion must rise to the level of a violation of the right to privacy protected by the Constitution. In *Jackson*, the District of Columbia Court of Appeals stated that "the Jacksons are precluded from bringing a tort claim for invasion of privacy, for the right of privacy is cognate to the values and concerns protected by constitutional guarantees." 412 A.2d at 954 (quoting *Afro–American Publishing Co. v. Jaffe*, 366 F.2d 649, 654 (D.C.Cir.1966) (en banc)). As the defendant then puts it, "plaintiffs here must be able to show that the Deputy Marshals violated the Constitution in order to assert a tort claim based on District of Columbia law." Defendant's Reply at 3.

Defendant misreads *Jackson*. There, plaintiffs brought suit for mistaken arrest, raising claims for false arrest, false imprisonment, negligence, and invasion of privacy based on local police and federal agents breaking into the house of the wrong Michael Jackson. The family brought damages suits based on the mistaken arrests in both Superior Court and United States District Court, the latter a constitutional claim. The federal court granted summary judgment against plaintiffs, which was affirmed on appeal, finding that the arrest was reasonable and based on probable cause. *See Jackson v. Young*, 600 F.2d 280 (D.C.Cir.1979). The District of Columbia Court of Appeals, relying on the federal court ruling, found that collateral estoppel precluded the claims brought in Superior Court:

> In addition to the (uncontested) bar against reasserting a deprivation of the constitutional right of privacy, we conclude that the Jacksons are precluded from bringing a tort claim for invasion of privacy, for "(t)he right of privacy ... (is) cognate to the values and concerns protected by constitutional guarantees." *Afro–American Publishing Co. v. Jaffe*, 125 U.S.App.D.C. 70, 75, 366 F.2d 649, 654 (1966) (en banc) (footnote omitted). A tort claim for invasion of privacy may be successfully asserted only if the claimant has suffered an unreasonable and serious interference with protected interests. *Id. The district court's findings that the arrest was reasonable and that the mistake was unintentional accordingly preclude this claim.*

412 A.2d at 954 (emphasis added).

Hence, the holding of *Jackson* is a routine application of collateral estoppel principles—because the federal court held that the arrest was reasonable and the mistake unintentional, the arrest did not rise to an unreasonable and serious interference of a protected interest, which is a key element for an invasion of privacy claim, and plaintiffs were precluded from relitigating that issue in Superior Court. *Jackson* does not hold broadly that a tort claim for invasion of privacy can only be brought if the allegations would also be a deprivation of the

---

**3.** Defendant's assertion that a cellblock is not a place where one is secluded simply misses the point. The seclusion here is of one's body behind clothes wherever one happens to be. Defendant's logic would lead to the absurd result that a strip search on a public highway in full view of passing motorists is less offensive (and less actionable) than one conducted in the detainee's living room.

constitutional right to privacy, and defendant's selective quote from *Jackson* does not support that proposition. *Jackson* simply does not address the situation here, where no prior judicial resolution of reasonableness has already been made.

To the extent, then, that defendant's point is that a claim for intrusion upon seclusion which is otherwise actionable under state—here, District of Columbia—law is barred under the FTCA because the challenged conduct also violates the Constitution, that point is not well-taken. *See. e.g., Rhoden v. United States,* 55 F.3d 428, 432 n. 5 (9th Cir.1995) (FTCA action permitted based on conduct violative of Constitution and also constituting false imprisonment under state law); *Garcia v. United States,* 896 F.Supp. 467, 474–75 (E.D.Pa. 1995) (fact that FTCA does not waive sovereign immunity for constitutional claims does not bar state common law tort claims under FTCA for strip search); *see also Carlson v. Green,* 446 U.S. 14, 19–20, 23, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (observing that identical conduct could give rise to both FTCA and *Bivens* claims).[4] Plaintiffs may proceed with an intrusion upon seclusion claim under the FTCA notwithstanding that the alleged conduct might also violate the Fourth Amendment and therefore support a constitutional tort claim distinct from the FTCA.

■ Indeed, even if defendant were correct in asserting that plaintiffs must show that the Marshals Service violated the Constitution in order to prevail on their invasion of privacy (i.e., intrusion upon seclusion) claim, it is likely that plaintiffs could do so. If the Deputy Marshals did not have an individualized reasonable suspicion that plaintiffs—charged only with misdemeanors of unlawful entry—were concealing weapons, drugs, or other contraband, the strip and squat search may have violated the Fourth Amendment's prohibition against unreasonable searches. There is a significant body of case law holding that police or prison officials may not strip search an individual arrested for misdemeanors or other minor offenses unless there is reasonable suspicion that the individual is concealing contraband or weapons. Most federal courts of appeals have ruled—some dating back over two decades—that strip searches of individuals arrested for minor offenses violate the Fourth Amendment unless the individual is reasonably suspected of concealing weapons, drugs, or other contraband. *See, e.g., Wilson v. Jones,* 251 F.3d 1340 (11th Cir.2001) (strip search of woman arrested for drunk driving unconstitutional); *Roberts v. Rhode Island,* 239 F.3d 107, 112 (1st Cir.2001) (strip search of arrestee for minor offense held unconstitutional); *Masters v. Crouch,* 872 F.2d 1248 (6th Cir. 1989) (police may not strip search individuals arrested for non-violent minor offenses when there is no reasonable basis for believing that the arrestee is carrying weapons or contraband); *Weber v. Dell,* 804 F.2d 796, 802 (2nd Cir.1986) ("Fourth Amendment precludes prison officials from

---

4. Federal courts·have reached conflicting results regarding intrusive body or strip search cases brought under the FTCA. In *Bradley v. United States,* 164 F.Supp.2d 437 (D.N.J. 2001), an African–American woman brought *Bivens* claims, as well as invasion of privacy claims under the FTCA, after an airport pat-down search by the Customs Service. The court dismissed the FTCA claims because the customs agents were performing a "discretionary function." *Id.* at 454. In contrast, in *Garcia v. United States,* 896 F.Supp. 467 (E.D.Pa.1995), the court refused to dismiss claims for, inter alia, invasion of privacy under the FTCA based on a strip search conducted by customs agents, concluding that the "discretionary function" exception does not apply if the conduct at issue is unconstitutional. *Id.* at 475–476. Defendant has not raised the "discretionary function" exception under the FTCA in its motion.

performing strip searches of arrestees charged with misdemeanors or other minor offenses absent reasonable suspicion that the arrestee is concealing weapons or other contraband."); *Jones v. Edwards,* 770 F.2d 739, 741 (8th Cir.1985) (body cavity search of individual charged with misdemeanor ruled unconstitutional); *Stewart v. County of Lubbock,* 767 F.2d 153 (5th Cir.1985) (holding strip search policy unconstitutional as applied to misdemeanants awaiting bond absent reasonable suspicion); *Giles v. Ackerman,* 746 F.2d 614, 617 (9th Cir.1984) (strip search of individual arrested for minor traffic offense held unconstitutional absent reasonable suspicion that arrestee carrying or concealing contraband); *Hill v. Bogans,* 735 F.2d 391 (10th Cir.1984) (strip search of individual with expired car tags unconstitutional where no circumstances indicated he might have been concealing contraband or weapons); *Mary Beth G. v. City of Chicago,* 723 F.2d 1263, 1272 (7th Cir.1983) (striking down Chicago's strip search policy as applied to misdemeanors); *Logan v. Shealy,* 660 F.2d 1007, 1013 (4th Cir.1981) (strip search of a woman charged with driving while intoxicated was unconstitutional); *see also Newkirk v. Sheers,* 834 F.Supp. 772, 787–89 (E.D.Pa.1993) (strip searches of minor females arrested for criminal trespass at animal rights protest were unconstitutional).

Although almost every federal court of appeals has ruled that strip searches of individuals arrested for nonviolent misdemeanors or other minor offenses violate the Fourth Amendment absent "reasonable suspicion," this Circuit has yet to address the issue. The District Court reached the issue in *Doe v. Berberich,* 704 F.Supp. 269 (D.D.C.1988), which involved a strip search of two women arrested on federal park property for smoking marijuana in their car. Before they placed the women in a holding cell, the officers ordered strip searches because they suspected the women were concealing contraband or evidence. In an action for constitutional violations under 42 U.S.C. § 1983 and tort claims under the FTCA,[5] the court found that the officers had reasonable cause to strip search the women because they had been smoking marijuana and marijuana was found in the car. *Id.* at 271. The court's central holding is in line with virtually every other decision on this issue: "[t]here must be reasonable suspicion that the category of offenders subject to strip searches might possess weapons or contraband." *Id.* The court then held that the strip searches were constitutional even though plaintiffs were charged only with misdemeanors, because the police had complied with governing regulations and had reasonable suspicion to believe plaintiffs were concealing contraband or drugs, given the nature of the offense of possession of a controlled substance. *Id.* at 272.

That is not to say that this wealth of case law holding that strip searches of arrestees charged with misdemeanors or other minor offenses are unconstitutional absent reasonable suspicion means that plaintiffs can proceed with a claim for violation of their constitutional rights. The law is clear that constitutional tort claims are not actionable under the FTCA, *see FDIC v. Meyer,* 510 U.S. at 477–78, 114 S.Ct. 996, and plaintiffs have brought this action solely under the FTCA. But their claims for common law invasion of privacy—specifically the tort of intrusion upon seclusion—are actionable under the FTCA, and survive defendant's motion to dismiss. Even if defendant were right (which it is

---

**5.** The court dismissed the claims under the FTCA because plaintiffs failed to file an administrative claim, as required by statute, and dismissed the claims against the officers in their official capacity for lack of subject matter jurisdiction. 704 F.Supp. at 271.

not) in interpreting *Jackson* to make an invasion of privacy (or intrusion upon seclusion) claim coextensive with a constitutional tort claim, that would not preclude pursuit of the common law claim under the FTCA. And at this early stage of the proceedings, in light of the overwhelming authority questioning the constitutionality of strip and squat searches like those alleged here, the Court simply cannot conclude that plaintiffs have failed to state a claim for intrusion upon seclusion, even if they were required to show a violation of the constitutional right to privacy in order to do so.

When assessing a motion to dismiss under Rule 12(b)(6), plaintiffs' factual allegations must be presumed true and should be liberally construed in their favor. *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C.Cir.1979); *Alexander v. FBI*, 971 F.Supp. 603, 607 (D.D.C.1997). Plaintiffs must be given every favorable inference that may be drawn from their allegations of fact. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint should be dismissed only if it appears beyond doubt that no set of facts proffered in support of plaintiffs' claim would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C.Cir.1987).

Here, the Court liberally construes plaintiffs' invasion of privacy claim as one for intrusion upon seclusion. Moreover, the allegation of a strip and squat search without reasonable suspicion that plaintiffs were concealing weapons or contraband satisfies the elements of intrusion upon seclusion as stated in the Restatement and *Wolf v. Regardie*. Although the Court reaches no conclusion as to the merits of plaintiffs' claims, it finds that they have sufficiently stated claims—invasion of privacy under the specific prong of intrusion upon seclusion—for which relief can be

granted under the FTCA. Thus, the Court dismisses plaintiffs' constitutional claims for unreasonable searches under the Fourth Amendment, and dismisses plaintiffs' claims for discriminatory searches in violation of their equal protection rights. However, plaintiffs' claims under the Federal Tort Claims Act for intrusion upon seclusion may go forward.

Defendant's motion to dismiss is therefore granted in part and denied in part. A separate order will be issued on this date.

### ORDER

For the reasons stated in the Memorandum Opinion issued on this date, it is hereby ORDERED that:

1. Defendant's motion to dismiss plaintiffs' claims brought under the Federal Tort Claims Act for an "unlawful search" based on violations of the Constitution is GRANTED.

2. Defendant's motion to dismiss plaintiffs' claims brought under the Federal Tort Claims Act based on an alleged denial of equal protection under the Constitution is GRANTED.

3. Defendant's motion to dismiss plaintiffs' claims brought under the Federal Tort Claims Act for invasion of privacy, specifically the tort of intrusion upon seclusion, is DENIED.