Phyllis PHILLIPS Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
et al., Defendants.

No. CIV.A.02–0700 RMC.

United States District Court,
District of Columbia.

April 29, 2003.

Anthony Eugene Smith, Washington, DC, for Plaintiff.

Brian J. Sonfield, Vincent Hamilton Cohen, Jr., U.S. Attorney's Office, Aaron L. Handleman, George Samuel Mahaffey, Jr., Eccleston & Wolf, Washington, DC, for Defendants.

### MEMORANDUM OPINION

COLLYER, District Judge.

Phyllis Phillips is the mother of a former federal inmate, Samuel Phillips, who was placed in a "halfway" house between prison and release in Washington, D.C. This "halfway" house was owned and operated by Hope Village, Inc. ("Hope Village"). The amended complaint alleges that Mr. Phillips warned Hope Village that he had received a threat on his life, that this warning was ignored, that he was shot on the sidewalk in front of the house next door to Hope Village, and that he later died from his wounds.

Ms. Phillips has sued the Federal Bureau of Prisons ("BOP"), Hope Village, and Joseph Wilmer, Director of Hope Village, advancing five separate claims: (a) negligence pursuant to the Federal Tort Claims Act ("FTCA"); (b) claims under 18 U.S.C. § 4003, including unlawful seizure under the Fourth Amendment and loss of life without due process of law under the Fifth Amendment; (c) breach of contract as a third-party beneficiary; (d) wrongful death; and (e) pain and suffering damages under the District of Columbia survivorship statute. See Pl.'s Mem. in Supp. of Mot. to Am. Compl. at 1. The BOP has filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court lacks jurisdiction over the claims and/or that Ms. Phillips has failed to state a claim upon which relief can be granted. Hope Village and Mr. Wilmer have filed a separate motion to dismiss under Rule 12(b)(6). For the following reasons, the Court grants both of these motions to dismiss in part and denies them in part.

### I. BACKGROUND [1]

The facts in this case are fairly simple, although tragic. Mr. Phillips was convict-

---

1. The facts are taken from the amended complaint and materials submitted by the BOP. The BOP attached two documents to its reply memorandum in support of its motion to dismiss for the limited purpose of showing that the Court does not possess subject matter jurisdiction over Ms. Phillips's claims. The

ed of a felony in the Superior Court of the District of Columbia. On February 5, 2001, the BOP transferred him from the Federal Correctional Institution in Fairton, New Jersey, to Hope Village for purposes of parole preparation. Hope Village is "a privately-owned facility ... and has contracted with the Bureau of Prisons to provide halfway house services to inmates of the District of Columbia." Compl. ¶ 4.

On February 6, 2001, Mr. Phillips informed the staff of Hope Village that he had received a threat on his life. Hope Village did not place him in protective custody or restrict his movements. In addition, it failed to notify the BOP that he had received such a threat. At approximately 12:47 p.m. on the same day that he told Hope Village about the threat, Mr. Phillips was shot in the abdomen by an unknown assailant on the sidewalk in front of a private residence next door to Hope Village. He was transported to D.C. General Hospital, where he died from his wounds.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving by a preponderance of the evidence that the Court possesses jurisdiction over her claims. *See Gustave–Schmidt v. Chao*, 226 F.Supp.2d 191, 195 (D.D.C. 2002). In reviewing a motion to dismiss under this rule, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. These allegations, however, " 'will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13–14 (D.D.C.

Court may review such materials to determine its jurisdiction without converting this motion into one for summary judgment. *See Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67

2001) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1350). The Court may consider information outside the pleadings to determine its jurisdiction. *See Lipsman v. Sec'y of Army*, 257 F.Supp.2d 3, 5–6 (D.D.C.2003).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied unless the plaintiff "can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). Such a motion tests only whether the plaintiff has properly stated a claim, not whether she will ultimately prevail on the merits. A reviewing court "must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the non-movant's favor." *Nwachukwu v. Karl*, 223 F.Supp.2d 60, 69 (D.D.C.2002).

## III. ANALYSIS

### A. The BOP's Motion to Dismiss

The BOP first bases its motion to dismiss on the doctrine of sovereign immunity. It is well-settled that the United States—including the BOP—enjoys sovereign immunity from suit, except to the extent that it consents. *See FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Waivers of immunity must be express and are strictly construed. *See Thompson v. Kennickell*, 797 F.2d 1015, 1024 (D.C.Cir. 1986).

■ In her amended complaint, Ms. Phillips avers that this lawsuit arises under the Federal Tort Claims Act

S.Ct. 1009, 91 L.Ed. 1209 (1947); *Caesar v. United States*, 258 F.Supp.2d 1, 2 (D.D.C. 2003).

("FTCA"), 28 U.S.C. § 1346(b). That statute constitutes a limited waiver of sovereign immunity, rendering the United States liable to the same extent as a private party for certain torts committed by federal employees acting within the scope of their employment. The United States' liability under the FTCA, however, does not extend to the acts of independent contractors. *See Cannon v. United States,* 645 F.2d 1128 (D.C.Cir.1981).

The BOP argues that Ms. Phillips's claims under the FTCA—negligence, wrongful death, and pain and suffering under the D.C. survivorship statute—should be dismissed because the FTCA does not apply to the facts in this case. It contends that Hope Village is an independent contractor and, therefore, does not fall within the definition of an "employee" under 28 U.S.C. § 2671.[2] Ms. Phillips acknowledges that she "has the burden of proving that the negligent person was an employee of the government." Pl.'s Mem. of Points and Auth. in Opp. to Def.'s Mot. to Dismiss at 4.

Under *Logue v. United States,* 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973), "the federal government cannot be held liable for the torts of employees of an independent contractor . . . ." *Cannon,* 645 F.2d at 1132 (interpreting the Supreme Court's holding in *Logue* ). To distinguish between employees and independent contractors, the District of Columbia uses the Restatement (Second) of Agency's "control of physical conduct" test.[3] *See id.* at 1133. That test focuses on "the absence of authority in the principal to control the physical conduct of the contractor in performance of the contract." *Logue,* 412 U.S. at 527, 93 S.Ct. 2215. In *Logue,* the Supreme Court found that employees of a county jail were contractors with the United States—not employees of a federal agency—because the relevant contract gave the United States "no authority to physically supervise the conduct of the jail's employees;" instead, the federal government could only enter and inspect the institution to determine whether the conditions under which federal offenders were housed met with the rules and regulations required by the contract. *Id.* at 530, 93 S.Ct. 2215. The D.C. Circuit in *Cannon* later summarized the Supreme Court's holding in *Logue* as follows:

> [T]he federal government must have actual control over the physical conduct of prison employees engaged in the super-

**2.** 28 U.S.C. § 2671 provides:

"Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

**3.** Restatement (Second) of Agency § 2 provides:

(1) A master is a principal who employs an agent to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service.

(2) A servant is an agent employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master.

(3) An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. He may or may not be an agent.

vision and treatment of a prisoner at the time the injury occurred, not merely the legal authority to designate the place of his confinement, in order to hold it liable under the FTCA.

*Cannon,* 645 F.2d at 1140.

■ With its reply brief, the BOP has submitted the Statement of Work ("SOW") that governs Hope Village and an affidavit from Stewart Rowles, Administrator of the Community Corrections Branch of the BOP, to support its argument that the BOP does not staff, manage, or supervise Hope Village on a day-to-day basis. Under the SOW, "[t]he contractor shall furnish the necessary facilities, equipment, and personnel to provide for the safekeeping, care, and program needs of persons residing in centers .... The contractor shall develop operational policies and procedures that adhere ... to generally accepted correctional practice as defined by the [Contracting Officer's Technical Representative]." Def.'s Reply Mem. in Supp. of Mot. to Dismiss Ex. A. at 6. In his affidavit, Mr. Rowles swears that the BOP "does not manage nor [*sic*] supervise Hope Village employees" and "does not provide BOP staff for Hope Village, Inc." Rowles Aff. ¶¶ 5 & 6. He adds, "Nor is the BOP involved in the daily operations of this facility." *Id.* ¶ 6. Ms. Phillips makes no contention to the contrary.

Whether the BOP might so involve itself with Hope Village as to change the result from *Logue* would normally be a peculiarly fact-specific inquiry, which would not lend itself easily to dismissal before discovery. Here, however, the documentation submitted by the BOP with its reply to Ms. Phillips's opposition is clear and uncontro-

verted: Hope Village is an independent contractor with the BOP. The BOP does not involve itself with the day-to-day business of Hope Village and keeps a distance from the "halfway" house. Therefore, the BOP is not liable under the FTCA for any negligence allegedly committed by Hope Village.

■ In her amended complaint, Ms. Phillips also alleges that the BOP violated Mr. Phillips's right to be free from unreasonable seizure under the Fourth Amendment and his right to due process under the Fifth Amendment. These claims must be dismissed because Ms. Phillips has not established the Court's jurisdiction to entertain them; in fact, "the law is clear that the FTCA does not waive the sovereign immunity of the United States for constitutional claims." *Helton v. United States,* 191 F.Supp.2d 179, 180 (D.D.C.2002). Even construed as arising under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), these claims do not pass muster. Ms. Phillips's lawsuit does not name any BOP employee as a defendant. A *Bivens* action lies only against an individual officer acting by virtue of federal authority, not a federal agency. *See FDIC v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (declining to extend the rationale in *Bivens* to actions against federal agencies). Consequently, Ms. Phillips's claims against the BOP under the Fourth and Fifth Amendments are not cognizable and the Court cannot hear them.

■ Ms. Phillips has brought a claim under 18 U.S.C. § 4003, but that statutory provision affords her no relief.[4] As argued

4. 18 U.S.C. § 4003 provides:
If by reason of the refusal or inability of the authorities having control of any jail, workhouse, penal, correctional, or other suitable institution of any State or Territory or political subdivision thereof, to enter into a con-

tract for the imprisonment, subsistence, care or proper employment of United States prisoners, or if there are no suitable or sufficient facilities available at reasonable cost, the Attorney General may select a site either within or convenient to the State,

by the BOP in its motion to dismiss for failure to state a claim—and not denied by Ms. Phillips— § 4003 deals with the Attorney General's ability to construct a prison or other place of confinement if local authorities refuse to contract with the BOP. It does not confer jurisdiction for a lawsuit against the United States to challenge the Attorney General's selection of a particular site or arrangement for the housing of prisoners.

■ Lastly, Ms. Phillips has sued the BOP on the theory that Mr. Phillips was a third-party beneficiary to the contract between the BOP and Hope Village. The BOP has moved to dismiss, arguing that the Court lacks subject matter jurisdiction because this breach of contract claim does not constitute a "federal question" under 28 U.S.C. § 1331.[5] The Court notes that the Second and Sixth Circuits have split over whether such a contract implicates federal interests and provides a district court with jurisdiction. *Compare Owens v. Haas*, 601 F.2d 1242, 1248 (2d Cir.1979), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979) (question is "not free from doubt"), *with Smith v. Corrections Corp. of Am.*, 19 Fed.Appx. 318, 320–21, 2001 WL 1109854, at *2 (6th Cir.2001) (no federal question was involved in the plaintiff's third-party beneficiary claim, which relied on a contract rather than federal law). The Court does not have the complete contract before it and finds that it would be premature to determine its jurisdiction in this regard.

### B. Hope Village and Joseph Wilmer's Motion to Dismiss

■ Hope Village and Mr. Wilmer have brought their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. First, they cite case law concerning the liability of landlords to tenants and argue that "it is settled [in the District of Columbia] that a landlord's duty to those persons legally on the premises is to use reasonable care with respect to those portions of buildings over which he retains control." *Ramsay v. Morrissette*, 252 A.2d 509, 511–12 (D.C.1969). Thus, they contend, Hope Village owed no relevant duty of care to Mr. Phillips. While this argument has additional curlicues, it is not necessary to describe them all here. The Court expresses serious doubt that the relationship between a "halfway" house and the prisoners placed there constitutes a pure landlord-tenant relationship. If it does, that is not proved by this record. The duty of care owed by the operator of a "halfway" house to its residents is not illuminated by the current record and cannot be determined at this point.

■ Hope Village and Mr. Wilmer also argue that the actions of the unknown assailant who shot Mr. Phillips constituted an "intervening/superseding cause" of his injuries and death that was not reasonably foreseeable and, therefore, does not give rise to liability. *See McKethean v. WMATA*, 588 A.2d 708, 716 (D.C.1991) ("An intervening negligent or criminal act breaks the chain of causation if it is not reasonably foreseeable."); *St. Paul Fire &*

---

Territory, or judicial district concerned and cause to be erected thereon a house of detention, workhouse, jail, prison-industries project, or camp, or other place of confinement, which shall be used for the detention of persons held under authority of any Act of Congress, and of such other persons as in the opinion of the Attorney General are proper subjects for confinement in such institutions.

5. 28 U.S.C. § 1331 gives federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

*Marine Ins. Co. v. James G. Davis Constr. Corp.*, 350 A.2d 751, 752 (D.C.1976) (When the intervening criminal act "can fairly be said to be that which could not have been reasonably anticipated, plaintiff may not look beyond the intervening act for his recovery."). At the same time, they argue that the law of the District of Columbia requires a heightened showing that the criminal act was foreseeable and that Ms. Phillips has failed to meet that burden. *See McKethean v. WMATA*, 588 A.2d at 716–17 (quoting *Lacy v. District of Columbia*, 424 A.2d 317, 323 (D.C.1980)) ("Because of 'the extraordinary nature of criminal conduct, the law requires that the foreseeability of the risk be more precisely shown.' ").

The problem with this argument is that it overlooks the facts alleged by Ms. Phillips, which the Court accepts as true and draws all reasonable inferences therefrom for purposes of a motion to dismiss. That is, Ms. Phillips specifically avers that Hope Village staff *did know* of the threat against her son and did nothing about it. *See* Compl. ¶ 10. Thus, she alleges that the attack could have been—and should have been—reasonably anticipated and her son protected.

Hope Village and Mr. Wilmer join with the BOP's motion to the extent that it argues that Ms. Phillips lacks standing to sue under 18 U.S.C. § 4003 and that the Court lacks subject matter jurisdiction to hear her third-party beneficiary claim. These matters are addressed above.

## IV. CONCLUSION

The Court grants the BOP's motion to dismiss in part and denies it in part. This motion is granted as to Ms. Phillips's tort claims, her claim under 18 U.S.C. § 4003, and her Fourth and Fifth Amendment claims. It is denied as to Ms. Phillips's breach of contract claim as a third-party beneficiary to the contract between the BOP and Hope Village.

The motion to dismiss filed by Hope Village and Mr. Wilmer is denied, except that Ms. Phillips's claims against them under 18 U.S.C. § 4003 are dismissed.

A separate order accompanies this memorandum opinion.

## ORDER

For the reasons set forth in the memorandum opinion that accompanies this order, it is hereby

**ORDERED** that Defendant Federal Bureau of Prisons's motion to dismiss is **GRANTED** in part and **DENIED** in part. It is

**FURTHER ORDERED** that Plaintiff's tort claims, her claim under 18 U.S.C. § 4003, and her Fourth and Fifth Amendment claims are **DISMISSED** as to Defendant Federal Bureau of Prisons. It is

**FURTHER ORDERED** that Defendants Hope Village, Inc., and Joseph Wilmer's motion to dismiss is **GRANTED** in part and **DENIED** in part. It is

**FURTHER ORDERED** that Plaintiff's claims against Defendants Hope Village, Inc., and Joseph Wilmer under 18 U.S.C. § 4003 are **DISMISSED**.

**SO ORDERED.**